IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER D. BURTON, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: CV 02-P-2797-S |
| } | |
| THOMAS L. ABERNATHY, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

I.   **Introduction**

The issue presented in this case is whether a triable Alabama common-law claim exists in connection with two option contracts for the purchase of real estate entered into between Plaintiffs and Defendants. Because the court concludes that Defendants' actions were consistent with the unambiguous terms of the option contracts and further that Plaintiffs lack sufficient evidence of promissory fraud or nuisance, summary judgment is due to be granted in favor of Defendants, and this case is due to be dismissed.

II.   **Procedural History**

On October 10, 2002, Plaintiffs filed their complaint against Defendants in the Circuit Court of Jefferson County. On November 15, 2002, Defendants removed the case to this court. (Doc. #1). Plaintiffs' complaint as amended contains three different counts: Count One is for fraud; Count Two is for breach of contract; and Count Three is for nuisance.

On November 15, 2002, Defendant Gardendale Exchange filed a Motion for Summary Judgment (Doc. #3) independent from the other defendants. Subsequently, Defendants filed a

Motion for Summary Judgment (Doc. #34) on September 12, 2003, as well as supporting evidence and a brief. (Docs. #29, #30). Plaintiffs opposed the motions for summary judgment (Docs. #31, #32), and Defendants filed their reply brief (Doc. #33) on November 10, 2003. The parties presented oral argument to the court at its December 18, 2003, motion docket.

### III.   Facts

This lawsuit involves two option contracts for the purchase of real estate in connection with a commercial shopping center development in Gardendale, Alabama. The parties to the option contracts were Defendant Capital Development, Plaintiffs Burtons, and Plaintiffs Shalings. Plaintiffs Burtons and Shalings were told that the acquisition of their properties was essential to keeping Wal-Mart in Gardendale. However, while Plaintiffs' properties were included in the initial site plans and although several extensions of the option contracts were entered into by the parties, as of February 27, 2001, the revised plans excluded Plaintiffs' real estate from the project. Ultimately, the Gardendale commercial shopping center project went forward on a smaller scale with Wal-Mart as the anchor and without the inclusion of Plaintiffs' land.

With respect to conditions precedent, the option contracts provided in part:

> (c) Notwithstanding anything to the contrary contained herein, Purchaser's obligation to close shall at all times be conditioned upon: . . .
>
> (iii) Purchaser closing on the acquisition of certain other tracts of real property in the vicinity of the Property as more particularly shown on Exhibit A hereto ("the Additional Property").

(Doc. #24 at Ex. 2 at Ex. 2 ¶ 7). It is undisputed that Defendants did not close on all the Additional Property listed in Exhibit A. (Doc. #30 at 18-19).

Additionally, with respect to default, the option contracts provided in part that "the payment of the earnest money, therefore, shall constitute seller's sole remedy against purchaser and shall be in lieu of the exercise by seller of any other legal or equitable or right or remedy which seller may have against purchaser as a result of or in connection with purchaser's default." (Doc. #24 at Ex. 2 at Ex. 2 ¶ 17). It is undisputed that Defendant Capital Development paid $1,000.00 in earnest money into escrow under each option contract; however, Plaintiffs never made a claim for the earnest money. (Doc. #30 at 20).

**IV.    Discussion**

A.    Breach of Contract

Defendant Gardendale Exchange is entitled to summary judgment on Plaintiffs' contract claim for a simple and straight forward reason: it was not a party to the option contracts at issue. (Doc. #3). *See Kyser-Smith v. Upscale Communications, Inc.*, 873 F. Supp. 1519, 1524-25 (M.D. Ala. 1995) (granting summary judgment when plaintiff is unable to establish existence of contract with defendant).

Alternatively, and to the extent that Defendant Gardendale Exchange and Defendant Capital Development are, as Plaintiffs maintain in their opposition, interchangeable parties, both of those defendants are entitled to summary judgment because one of the conditions precedent for closing on the option contracts never was triggered--Defendant Capital Development did not acquire all tracts of land listed in Exhibit A to the option contracts. *See Gamble v. Corley, Moncus & Ward, P.C.*, 723 So. 2d 627, 631 (Ala. 1998) (explaining that "[c]ondition precedent is a fact, other than lapse of time, that, unless excused, must exist or occur before a duty of immediate performance of a promise arises."). Plaintiffs' assertion that this particular condition precedent is illusory is off the mark.

While some discretion was retained by Defendant Capital Development, the fact remains that if it had acquired all the tracts of land listed in Exhibit A, it would have been obligated to close.

Finally, even if a breach of the option contracts occurred (and it did not), Defendant Capital Development's payment of earnest money into escrow is Plaintiffs' exclusive remedy for default and constitutes an accord and satisfaction. *See, e.g., Austin v. Cox*, 492 So. 2d 1021 (Ala. 1986). Accordingly, Plaintiffs' breach of contract claim against Defendants cannot survive summary judgment.

    B.   Promissory Fraud

Plaintiffs' fraud claim is promissory in nature and also cannot survive summary judgment. Under Alabama law, promissory fraud requires evidence of the following additional elements: "(1) the promisor at the time of the alleged misrepresentation, did not intend to do the act promised; and (2) that the promisor, at that time, had an intent to deceive." *E.g., General Motors Acceptance Corp. v. Covington*, 586 So. 2d 178, 181 (Ala. 1991). Accordingly, such claims are generally more difficult to prove than other types of fraud claims.

The mere failure of a party to perform cannot satisfy these two additional elements, and Plaintiffs have not otherwise demonstrated substantial evidence of these elements. *See Hinkle v. Cargill, Inc.*, 613 So. 2d 1216, 1220 (Ala. 1991). Instead, the evidence shows that because Defendants were not successful in securing another anchor store, the commercial development was scaled back making it unnecessary for Defendant Capital Development to exercise its options to purchase **all** the Additional Property set forth in Exhibit A. There is simply insufficient evidence in the record that, at the time the option contracts were executed and/or extended, Defendants did not intend to perform as promised, nor is there substantial evidence of any then present intent to

deceive on the part of Defendants. Therefore, Plaintiffs' promissory fraud claim is due to be dismissed on summary judgment.

    C.    Nuisance

Plaintiffs' private nuisance claim also cannot survive summary judgment. The Alabama legislature defines nuisance as:

> [A]nything that works hurt, inconvenience, or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man.

Ala. Code § 6-5-120 (1975). Plaintiffs' nuisance claim is premised upon the denial of their quiet enjoyment of the property by closing roads and restricting ingress and egress during the course of the commercial construction. While Plaintiffs have put forward evidence that the construction may have caused certain slight inconveniences to them, there has not been a sufficient showing that any construction activity rose to the level that would affect the sensibilities of an ordinary reasonable person. Instead, the ordinary reasonable person, not of fastidious taste, would expect a construction project to likely result in some detours and access restrictions to his or her home, and no reasonable jury could conclude otherwise. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' nuisance count.

    **V.**    **Conclusion**

The court finds that there are no genuine issues of material fact and Defendants are entitled to judgment on all of Plaintiffs' claims as a matter of law. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED IN PART,** and **DENIED IN PART**. More specifically, summary judgment is **GRANTED** as to all counts, and Plaintiffs' complaint is **DISMISSED**.

Defendants' request for the award of attorneys' fees is **DENIED**.  A separate order shall be issued.

**DONE** and **ORDERED** this \_\_\_\_30th\_\_\_\_ day of March, 2004.

*/s/ R. David Proctor*

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE